

RECEIVED
AUG 21 2013
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 13-CV-5564
DATE FILED: 8/22/13

# KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

ATLANTA
HOUSTON
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY

August 21, 2013

**VIA HAND DELIVERY**

Honorable Richard M. Berman
United States District Courthouse
500 Pearl Street
New York, NY 10007

Re: *Hershkowitz v. Think Tech Labs, LLC, et al.*, 13 CV 5564 (RMB)

Dear Judge Berman:

Defendant to respond by 8/28/13 @ 12:00 p.m.

A conference in this matter is scheduled for 9/3/13 @ 11:00 a.m.

10/3/13 conference is cancelled.

SO ORDERED:
Date: 8/22/13        Richard M. Berman
                     Richard M. Berman, U.S.D.J.

We represent the Plaintiff, Warren Hershkowitz ("Plaintiff"), in the above-referenced matter which was removed to this Court on August 9, 2013. In accordance with Your Honor's Individual Rules of Practice, we respectfully request a pre-motion conference to address Plaintiff's anticipated motion to remand this action to the Supreme Court of the State of New York. In short, it is Plaintiff's position that Defendants properly were served with (and have been in possession of) the summons and complaint in this action for significantly longer than the 30 days provided by 28 U.S.C. § 1446(b)(1), and thus failed to remove the action within the prescribed time period.

The salient facts are as follows. Plaintiff filed this action in New York Supreme Court on June 5, 2013. Prior to filing the lawsuit, Plaintiff's counsel engaged in numerous e-mail communications with Defendants regarding the matters raised in the complaint. Defendants were sent copies of the summons and complaint on June 19, 2013 (using the same e-mail addresses) and were requested to accept service thereof. Defendants did not respond. Simultaneously, Plaintiff pursued service through every possible channel; but, as shown below, Defendants purposefully evaded same.

Kasowitz, Benson, Torres & Friedman LLP

Honorable Richard M. Berman
August 21, 2013
Page 2

First, on June 7, 2013, Plaintiff served a copy of the summons and complaint on the New York Secretary of State, thereby properly effectuating service on Defendants, who maintain a principal place of business in New York and regularly do business in the state (as demonstrated by Defendant's website advertising a New York headquarters and address). Defendants knew that service was being made by the Secretary of State, but deliberately refused to open their mailbox. In fact, it was not until August 8, 2013, a day before they filed their notice of removal, that they signed the return receipt. Second, on June 10, 2013, process servers sent Defendants a copy of the summons and complaint to their last known place of business in Texas via first-class mail, and between June 7 and June 25, 2013, Plaintiff attempted to personally serve Defendants at Mehra's home residence, at the New York and Texas addresses listed on Think Tech's website, at Defendants' last known place of business in Texas, and at the office of Keller Williams Realty ("KW"), where Defendants regularly conduct business and are known to have an office. Finally, on June 25, 2013, process servers mailed a copy of the summons and complaint to Defendants at their KW business address via first-class mail.

28 U.S.C. § 1446(b)(1) provides that a defendant may remove an action within 30 days of receipt of the initial pleadings "by service or otherwise." Defendants did not remove the action until August 9, 2013, which is over two months after service properly was effectuated by the Secretary of State. On July 10, 2013, Defendants' counsel contacted Plaintiff's counsel and purported to "accept" service of the complaint. Plaintiff's counsel clearly had already received a copy of the complaint from Defendants (further demonstrating that Defendants were in possession of the complaint for well over 30 days). At that time, Defendants' counsel was informed of Plaintiff's position that service already had been made and that Plaintiff reserved his rights with

respect to that position. Regardless, even if one were to ignore all the surrounding facts which demonstrate Defendants had knowledge of this lawsuit, had the complaint in hand for approximately 2 months, and purposefully evaded service thereof, it cannot be disputed that they properly were served by the Secretary of State on June 7, 2013. Therefore, Defendants' time to remove expired well prior to August 9, 2013.

Finally, it is well-understood that a defendant who, as here, willfully and deliberately evades, avoids, or refuses to accept service is legally estopped from opposing a motion to remand on the ground that the 30-day removal period did not begin to run until service was effectuated. See, e.g., In re Martin-Trigona, 763 F.2d 503, 505 (2d Cir. 1985) (affirming default judgment against defendant where defendant's "failure either to collect corporate mail sent to the [business] address or to change the address for service of process with the Secretary of State constituted a willful disregard of legal process"); Cotter v. Milly LLC, 09 Civ. 04639 (PGG), 2010 WL 286614, at *1, *5-6 (S.D.N.Y. Jan. 22, 2010) (granting motion to remand where defendant failed to advise Secretary of State of current address and thus was "equitably stopped from contending that its removal was timely.")

Based on the foregoing, we respectfully request a pre-motion conference with the Court in advance of Plaintiff's filing a motion to remand. We thank Your Honor for his attention to this matter.

Respectfully submitted,

Joseph A. Piesco, Jr.

cc: Kenneth J. Rubinstein, Esq.